*United States v. Kissi*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-four.

PRESENT:
> **AMALYA L. KEARSE,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> > *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.                                         22-3220

**Sadick Edusei Kissi, AKA Sealed Defendant 1,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | KATHERINE REILLY (Hagan Scotten and Mitzi Steiner, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR APPELLANT:** | LUCAS ANDERSON, Rothman, Schneider, Soloway & Stern, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sadick Edusei Kissi was indicted on four counts: Count One for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; Count Two for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); Count Three for conspiracy to receive stolen money in violation of 18 U.S.C. § 371; and Count Four for receiving stolen money in violation of 18 U.S.C. § 2315.

A jury acquitted Kissi on Count One but convicted him on the others. The district court sentenced Kissi to a below-Guidelines sentence of 36 months' imprisonment, imposing a restitution amount of $422,694.53 and forfeiture amount of $101,468. Kissi now appeals, claiming that the government failed to provide sufficient evidence to find him guilty of Counts Two, Three, and Four. Specifically, Kissi argues that the government failed to prove that he knew that (1) the funds at issue had been "stolen, unlawfully converted, or taken," 18 U.S.C. § 2315, as required under Counts Three and Four; (2) the funds came from "some form of unlawful activity," 18 U.S.C. § 1956(a)(1), as required under Count Two; and (3) the purpose of the fund transactions was to "conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity," 18 U.S.C. § 1956(a)(1)(B)(i), as required under Count Two. Kissi also claims that the district court erred in its loss and forfeiture calculations. We

2

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review[] de novo a challenge to the sufficiency of evidence supporting a criminal conviction, and must affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004) (citation omitted). But when a defendant's Rule 29 motion for acquittal "state[s] a ground different from what he now urges on appeal," we review for plain error. *United States v. Delano*, 55 F.3d 720, 726 (2d Cir. 1995). As to the district court's loss and forfeiture calculations, we review factual findings for clear error and conclusions of law *de novo*. *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000) (loss); *United States v. Sabhnani*, 599 F.3d 215, 261 (2d Cir. 2010) (forfeiture). "Although the district court's factual findings relating to loss must be established by a preponderance of the evidence, the court need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (cleaned up). We apply this same standard to forfeiture. *See United States v. Roberts*, 660 F.3d 149, 165-66 (2d Cir. 2011).

**I.      Sufficiency of Evidence**

A.      Relevant Circumstantial Evidence

Multiple fraud victims testified that they sent funds to Kissi at the behest of purported romantic partners they met online.

From July 2015 to February 2020, Kissi opened multiple personal U.S. bank accounts; received criminal proceeds amounting to approximately $1 million of deposits and withdrawals;

3

and facilitated numerous deposits of over $2,000 that he would withdraw immediately in cash, through wire transfers, or through account-to-account transfers. Kissi's deposits often arrived with false references. *See, e.g.*, App'x at A483-84, A490, A496 (testifying to deposits labeled as "building materials," "purpose paying loan," "business investment"). When banks suspected fraudulent activity and closed Kissi's accounts, he opened new ones and continued to funnel funds into those accounts. He also used accounts belonging to his co-conspirator, Mubarak Baturi, some of which were held under false names.

At trial, Baturi testified that Kissi acted as the "agent" or "middleman" between co-conspirators in Ghana and himself. Baturi's testimony was supported by text messages with Kissi, discussing transactions to bank accounts under false names and negotiations over Kissi and Baturi's "cuts" of the proceeds with Ghanaian co-conspirators, also known as the "fraud boys." Baturi also indicated that the terms "fraud boys" and "the boys" were interchangeably used by all co-conspirators, including Kissi.

B.     Source of Funds

The district court properly determined that the government's evidence was sufficient to prove that Kissi knew the deposited funds were stolen, satisfying the knowledge requirement of the statutes underlying Counts Three and Four. Because the government's evidence proved that Kissi knew that the funds came from unlawful activity, the same evidence was sufficient to satisfy the knowledge requirement of the statute underlying Count Two. It is well established that juries may make reasonable inferences based on circumstantial evidence. *See United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008) ("[B]oth the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through

4

circumstantial evidence."); *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011) ("The jury may reach its verdict based upon inferences drawn from circumstantial evidence, and the evidence must be viewed in conjunction, not in isolation." (internal quotation marks omitted)).

After considering the totality of the circumstantial evidence, the jury reasonably inferred that Kissi understood that the funds were unlawfully taken, and thus necessarily stemmed from unlawful activity. *See Huezo*, 546 F.3d at 182 ("[J]urors are entitled, and routinely encouraged, to rely on their common sense and experience in drawing inferences."). We affirm the district court's judgment convicting Kissi of conspiracy to receive stolen money and receiving stolen money; the jury permissibly found that Kissi had the requisite knowledge of the unlawful source of funds sufficient to support a conviction of conspiracy to commit money laundering.

C.    Purpose of Fund Transactions

Kissi argues that the government did not prove that the fund transactions were designed to conceal the nature, location, source, ownership, or control of the funds as required to support his conviction of conspiracy to commit money laundering under Count Two. He alleges that the transactions "were needed to advance and complete the charged scams" and that he could not have conspired to conceal anything because there is no evidence to suggest he was attempting to cover up any part of the transactions. Appellant's Br. at 33, 35. He claims that even if he was attempting to conceal the transactions from authorities, the evidence still does not prove that he knew the purpose of the transactions was to conceal the fraudulent activity. *Id*. at 36. We disagree. First, Kissi concedes that he did not preserve these new challenges at the district court, so we review for plain error. *See United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001). Second, the government provided sufficient circumstantial evidence for a rational jury to infer that

5

Kissi knew the transactions were designed to conceal the nature of the funds as fraud proceeds, the source of the funds as fraud victims, and the ownership and control of the funds by the co-conspirators in Ghana.

The district court did not commit error—much less "plain" error—in determining that the government's evidence was sufficient. We thus affirm Kissi's conviction for conspiracy to money launder.

**II.    Loss and Forfeiture Calculations**

A.    <u>Loss Calculation</u>

The district court did not procedurally err in its loss calculation. Record evidence demonstrates that it was more likely than not that all of Kissi's undeclared income—"[m]uch of [which] was untraceable in cash and was quickly withdrawn with large wire transfers and cash withdrawals," and was related to "suspicious conduct" that "occurred through several bank accounts"—was from an illegitimate source. App'x at A941. Kissi argues that the loss calculation should be limited to the specific victims and specific timeframe supported by direct evidence, but "the court need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *Uddin*, 551 F.3d at 180 (internal quotation marks omitted). The district court reasonably relied on account transactions from 2015 to 2020, including transactions outside of those involving specific victims that exhibited consistently suspicious activity.

Kissi alleges that approximately $135,000 of account-to-account transfers and a single $5,614 deposit from his domestic partner were inappropriately included in the court's $900,000 estimate of funds unlawfully deposited into Kissi's account. Even if the contested amounts were

removed from the calculus, it would not change the Sentencing Guidelines calculation. The total loss would still fall between $550,000 and $1,500,000, triggering a 14-level increase in Kissi's offense level. Kissi's alternative argument that certain funds could have come from selling cars or other undeclared employment fails as well. Kissi stipulated to his employment dating back to 2015, and none of it involved selling cars. Moreover, the testifying forensic accountant considered all of this information when determining Kissi's sources of legitimate income.

The district court thus appropriately determined that "[b]etween the money in defendant's accounts, approximately $900,000, and the transaction in Mr. Baturi's accounts, approximately [$]148[,000], the government has proven a loss between 550[,000] and 1.5 million." App'x at A942.

B.      Forfeiture Calculation

The district court properly ordered Kissi to forfeit $101,468. First, Kissi claims the district court should have based the forfeiture amount on the restitution amount, not the loss amount. But he provides no support for that claim; in fact, restitution and forfeiture are separate measures. *See United States v. Torres*, 703 F.3d 194, 196 (2d Cir. 2012) ("Restitution and forfeiture are authorized by different statutes and serve different purposes—one of remediating a loss, the other of disgorging a gain."). Second, for the first time on appeal, Kissi objects to the court's use of 10 percent for Kissi's estimated "cut" of illegal proceeds to calculate the forfeiture penalty. We review this new objection for plain error. Although there is no direct evidence in the record of Kissi's actual percentage cut, the district court permissibly "use[d] general points of reference" and made "reasonable extrapolations from the evidence" in calculating the forfeiture amount. *See United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011). Specifically, the district court considered

Baturi's testimony regarding his typical cut percentage, varying cut percentages based on whose account was being used and who was taking a higher risk in conducting withdrawals, and cut negotiations with Kissi, in light of the large amount of funds that flowed through Kissi's own accounts. Based on this information, the district court reasonably determined that a 10 percent cut attributed to Kissi was a reasonable estimate. We thus conclude that the district court properly used the loss amount in its forfeiture calculation and did not commit plain error in determining the percentage cut in its forfeiture calculation.

We have considered all of Kissi's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court convicting Kissi of conspiracy to commit money laundering, conspiracy to receive stolen money, and receipt of stolen money is **AFFIRMED**. Kissi's motion for bail pending appeal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8